HOFFMAN (RINGGOLD v.). See Case No. 11,846.

HOFFMAN (SMITH v.). See Case No. 13,061.

---

## Case No. 6,578.

### HOFFMAN v. STIEFEL et al.

[3 Fish. Pat. Cas. 638; 7 Blatchf. 58.] [1]

Circuit Court, S. D. New York. Nov. 23, 1869.

PATENTS — TURN-DOWN ENAMELLED PAPER COLLARS.

[1. The reissued letters patent granted to James H. Hoffman, July 25, 1865, for a "turn-down or folded enamelled paper collar," are valid.]

[2. As the patentee invented the proper mode of enamelling the proper quality of paper to enable a turned down or folded collar to be made wholly of paper, without any danger of crumbling or breaking the enamel by the operation of folding, the collar made from such enamelled paper was a new article of manufacture, and entitled to be patented as such.] [1]

[Cited in Hoffman v. Aronson, Case No. 6,576.]

This was a bill in equity [by James H. Hoffman] to restrain the defendants [Edward Stiefel and Isaac Ney] from infringing two letters patent granted to complainant, one [No. 45,998] for "improvement in turndown enameled paper collars," issued January 24, 1865, and reissued July 25, 1865 [No. 2,034], and the other [No. 47,107] for the "manufacture of sweat-proof paper collars," issued April 4, 1865. The invention described in the first patent consisted in a collar composed of paper made of pulp having a long fiber, enameled with a composition of blanc fix, white wax, and a trace of ultra-marine applied in a thin coat to the paper where the latter is steamed, so as to open the pores. The claim of the original patent was as follows: "The new article of manufacture herein described, constituting a turn-down or folded collar, made and finished substantially in the manner and the purpose set forth." The claim of the reissue was as follows:

[1] [Reported by Samuel S. Fisher, Esq., and by Hon. Samuel Blatchford, District Judge, and here compiled and reprinted by permission. The statement and opinion are from 3 Fish. Pat. Cas. 638, and the syllabus is from 7 Blatchf. 58.]

"The new article of manufacture, consisting of a turn-down or folded enameled paper collar, substantially as described." The invention described in the second patent consisted in passing the paper through a composition of blanc fix, isinglass and bleached wax, drying it, and coating it with a thin preparation of bleached shellac dissolved in alcohol. The claim was as follows: "The manufacture of sweat-proof paper shirt collars with the composition substantially as described, applied in the manner substantially set forth."

E. Wetmore and G. M. Keller, for complainant.

T. Darlington, for defendants.

BLATCHFORD, District Judge. In this case there must be a decree for the plaintiff in respect to the reissued letters patent granted to him July 25, 1865, as well as in respect to the letters patent granted to him April 4, 1865. Both of these patents are valid. The evidence shows that the plaintiff was the first person who successfully made a turn-down or folded collar wholly of paper with an enameled surface. The enameled paper known prior to the making by him of the invention covered by his reissued patent of July 25, 1865, was unsuitable for the making of a turned-down or folded collar wholly of paper. The fact that such a collar was not known as a practical thing before the plaintiff made it, would naturally lead to the conclusion that the proper enameled paper was not made until the plaintiff made it, because, if the paper had been known, the use of it for the collar was sufficiently obvious. Finding no proper enameled paper ready to his hand, the plaintiff experimented for some time to produce it, and at length succeeded, and the making of the collar followed. As the plaintiff invented the proper mode of enameling the proper quality of the paper to enable a turned-down or folded collar to be made wholly of paper without any danger of crumbling or breaking the enamel by the operation of folding, the claim for a collar made from such enameled paper as a new article of manufacture, consisting of a turndown or folded enameled paper collar, substantially as described, is valid. In regard to the patent of April 4th, 1865, there is no evidence to show that the plaintiff was not the original and first inventor of what is claimed therein; namely, the manufacture of sweat-proof paper shirt collars, with the composition substantially as described therein, applied in the manner substantially set forth therein. The infringement of the patents is not disputed if they are valid, and there must be the usual decree for the plaintiff for an account and a perpetual injunction, with costs.

[For another case involving patent No. 45,998, see Hoffman v. Aronson, Case No. 6,576.]